PETERS, J.
concurring.
|,I agree with the majority’s reversal of the trial court’s judgment in favor of Sandra Davis Jackson, but for different reasons than those stated by the majority. I would reverse the judgment on the basis that the trial court erred in determining that Mrs. Davis and her husband were never placed on notice of unpaid taxes. That being the case, Mrs. Davis failed in the burden of proof required to nullify the tax sale.
The exhibits of record are all joint exhibits and include the cash deed from Melvin Davis from EMC; the tax sale deed to LEMCI; the quitclaim deed from LEMCI to Zimmerman; the quitclaim deed from Zimmerman to Mr. and Mrs. Koch; the tax certificates from 2003 to 2012; the judgment of default entered by LEMCI against Melvin Davis; the 2011 and 2013 appraisals of the property; and a copy of a lease by Mr. and Mrs. Koch to a third party.
The majority appears to agree with the trial court’s factual finding that neither Mr. Davis nor Mrs. Davis received the required legal tax notice, but classifies her petition for declaratory relief as a petitory action filed pursuant to La.Code Civ.P. art. 3651. That being the case, the majority concludes that because 12she failed to prove title against the world, she cannot prevail in her claim of ownership of the property. While the claim for relief bears some similarity to a petitory action, I do not classify it as such. It is an action to set aside a tax deed, which I find to be an entirely different cause of action governed by other specific provisions of the law. In fact, neither litigant has couched the issues before us as a petitory action.
Mrs. Davis testified specifically on direct that she never received any notice of the taxes due and she was very careful not to mention her former husband in doing so. Equally important, she was not questioned concerning whether she received any type of correspondence from United Companies or EMC. On cross-examination, she testified that she had absolutely nothing to do with the house, that her former husband purchased the place without her knowledge, and that he handled everything relative to the house without her input. When specifically asked about the taxes on cross-examination, she responded, “[She] was assuming [Mr. Davis] was taking care of all of that.” She further acknowledged on cross-examination that even after the divorce, she did not open mail addressed to Mr. Davis, and she instructed the children to give him the mail that was sent to her *1240 address. She specifically stated that had Mr. Davis received a tax notice at their former matrimonial address, she would not have known about it.
The only other evidence provided by Mrs. Davis was that of an appraiser, and this testimony had no bearing on the issue of notice. After she rested, the defendants asked for an involuntary dismissal, which the trial court denied. Thereafter, the first witness for the defendants was' Gary Massicot, the owner of LEMCI. He testified concerning his company’s business of purchasing tax-sale properties, but more importantly, he called the court’s attention to the redemption | ¡¡requirements of a former owner as well as the fact that the 2003 tax notice was also sent to Mr. Davis at his community address. He explained that this notice to the former owner was placed on the annual tax notice for three years after LEMCI purchased the property at the tax sale.
The assessment/collection process for property taxes is found in Chapter 5, of Title 47 of the Louisiana Revised Statutes and that process provides for a situation where title to immovable property changes hands in a particular year. While La.R.S. 47:2126 provides that while the tax roll is to be delivered to the parish tax collector on or before November 15 of the year the taxes are due, it also provides that “[t]he tax roll shall be updated as of January first or later of the year in which the taxes are collectable.” Thus, a transaction involving the transfer of immovable property may not appear on the tax rolls in the name of the vendee until the next year, depending on the cutoff date an individual assessor’s office applies for updating its rolls. In fact, La.R.S. 47:2153(B)(2) provides that “[f]or the purpose of tax sales, it shall be sufficient to advertise all property in the name of the tax debtor at- the time the assessment was made.”[1]
In this case, Mrs. Davis did not establish that the July 16, 2001 transaction was recorded before the St. Martin Parish Assessor’s Office ceased updating its rolls in 2001. This becomes important because had the assessor’s office closed its updating activities for the year, notice would have been proper to the record owner, United Companies. In fact, the transfer deed to Mr. Davis provides for this possibility as it provided that the vendee waived the production of tax research certification. Mrs. Davis did not establish that she and/or her former husband, |4rather than United Companies, were entitled to notice for 2001.
Additionally, La.R.S. 47:2153(C), as it read in 2001, addressed the situation where a sale occurred after the assessor stopped updating the parish tax rolls and provided that within a reasonable time after the tax sale, “the tax collector shall research the records of the recorder of conveyances on all property to which tax sale title was sold to tax sale purchasers for any transfers of the property that occurred after the preparation of the tax roll for the year that the property was sold for taxes.” If the tax collector’s office found such a transaction, it was required to give the new owner notice of the tax sale and of his or her right of redemption. La.R.S. 47:2153(0 (2001) (amended 2012). Thus, while Mrs. Davis argues that she did not receive the original notice, she is silent on this issue. The subsequent notices filed in *1241 evidence support the proposition that the tax collector’s office performed its statutory duty because these notices contain a reference to the address of Mr. and Mrs. Davis. Thus, Mrs. Davis failed to prove lack of notice in this respect as well.
I would reverse on Mrs. Davis’ failure to prove lack of notice, but not on the application of La.Code Civ.P. art. 3651.

. Louisiana Revised Statutes 47:2153 has been significantly amended since 2001, but this portion of the statute remains the same.